## 10230

### SOUTHERN STOVE WORKS v. CONVERSE SAVINGS BANK.

#### (100 S. E. 75.)

1. APPEAL AND ERROR—ORDERS APPEALABLE—GRANTING. NEW TRIAL.—
An order granting a new trial upon ground that error had been
committed in charge to jury is appealable.

2. PAYMENT—WHAT CONSTITUTES—BANK ENTRIES.—Fact that a bank
to which a check had been sent for collection charged the drawer
with amount of check and credited such amount to account of its
correspondent bank does not constitute a payment precluding bank
from later changing entry upon drawer's failure to pay the check.

Before SEASE, J., Spartanburg, Summer term, 1918.
Affirmed.

Action by the Southern Stove Works against the Con-
verse Savings Bank.    From an order granting a new trial
after a verdict for plaintiff, plaintiff appeals.

The check in question was drawn by the Turner-Setzler
Furniture Company in favor of plaintiff on defendant bank,

deposited by plaintiff in the Old State National Bank of Evansville, Ind., and sent by that bank to defendant for collection.

A portion of the Court's charge reads as follows:

"I charge you that a payment may be made by a check, a transfer of credits, as well as by cash, and if the defendant charged the account of the Turner-Setzler Furniture Company with the amount of the check and credited the account of its correspondent bank with the amount of the collection in good faith, that was a payment of the check so far as the payee is concerned, and the defendant could not relieve itself of its duty to remit the proceeds of the check simply by charging it off the account of the drawer and charging the amount off of the credit account of the correspondent bank. The defendant knew, or could have known, whether or not the drawer of the check had sufficient funds on deposit to pay the check when it was paid, if so paid. And after they paid said check or charged it against the account of the drawer and in favor of the account of its correspondent bank, that was a payment, and the defendant could not revoke it by afterwards changing its books or charging it off of the account."

*Messrs. Cornelius Otts* and *C. Y. Brown,* for appellant, submit: *This case is appealable:* 64 S. C. 487-8; 92 S. C. 361; 77 S. C. 319. *No error in the charge:* 91 N. W. Rep. 257; 115 Pac. 80; 6 Am. Rep. 160; 50 Atl. 189; 54 Atl. 480; 44 Am. Rep. 138; 17 Atl. 336; 23 L. R. A. (N. S.) 1092, and note; 23 S. C. L. 259. *No error in the Court's ruling as to evidence:* Mechem on Agency (2d Ed.), pars. 290-1; 55 S. C. 574; 44 S. C. 91; 114 N. W. 195; 55 N. W. 43; 15 S. C. L. 412; 59 S. C. 155; 72 S. C. 560, 561; 15 S. C. L. 201; 57 S. C. 282-283; Wigmore on Evidence, vol. I, par. 581. *This Court will consider an appeal from an order granting a new trial when the order is based upon an error of law, and where a judgment absolute may be*

*rendered in this Court:* 95 S. C. 361; 64 S. C. 487; 57 S. C. 138; 92 S. C. 361; 77 S. C. 325. *As to the appeal appended from the order settling the "case" by the trial Judge, we simply cite Rule 5 of the Supreme Court, especially subdivision 3 of said rule.*

*Messrs. Boyd & Brown,* for respondent, cite: *The principal issue is whether or not entry of credit for this check by the defendant to the Bank of Commerce was such constructive payment as would require the defendant to account for its value, and the principal concern of the Court's charge was about this issue; the Court having used the expression "paid" and "charge on the defendant's books" as synonymous terms:* Negotiable Instruments Law, 28 Stat., p. 688, secs. 185, 189, 132, 141. *The Negotiable Instruments law changes the rule declared in 41 S. C. 177, and like cases, and establishes the rule of the dissenting opinion of Justice Jones in 69 S. C. 383. What constitutes payment?* Black's Law Dictionary, 30 Cyc. 1180; Negotiable Instruments law, sec. 191. *Law in the Hull case is not as set out in the charge at f. 108 and f. 110; 23 S. C. L. 259. Book entries alone do not operate as payment:* 39 S. C. 175; 155 U. S. 556 (39 L. Ed. 259); 179 Pac. 248. *"Receipt of a draft by the bank 'does' not make it a debtor to plaintiff, and it would not become such debtor until the collection and possession of the proceeds of the draft, either actually or by settlement of accounts between the parties."* 148 U. S. 50; 155 U. S. 556 (39 L. Ed. 259); 94 Fed. 474; 20 N. W. 36; 6 N. D. 184; 69 N. W. 51. *The same rule applies to checks handled for collection:* 1917d, 1002 (1005); Bolles on Banking, p. 194; Michie, pp. 1417-1420; 90 Ky. 431; 9 L. R. A. 533; 14 S. W. 411; 148 U. S. 50; 37 L. Ed. 363; 3 Sup. C. Rep. 533; 2 Wall. 252; 17 L. Ed. 785; 49 Ohio St. 401; 31 N. E. 346; 5 Dill 104; Fed. Cases, No. 8289; 433 C. C. A. 583; 102 Fed. 785; 66 Miss. 479; Am. St. Rep. 579; 6 So. 233; 22 Mont. 140; 55 Pac. 1051, 1097; 53 Neb. 61; 71 N. W.

280; 12 Wash. 619; 41 Pac. 909. *Estoppel is a mixed question of law and fact:* 89 S. C. 391 (394, 395) ; 89 S. C. 421. *As to appeal from order settling case:* Supreme Court Rule 5, sec. 8; 98 S. C. 192.

July 14, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order granting a new·trial, after jury had found a verdict in favor of plaintiff, by his Honor, Judge Sease, who had tried the case.   His Honor based his order on the ground that he had committed error in his charge ·to the jury.   He granted the order, not as a matter within his discretion, because he did not approve of the verdict, but on the. ground that he had misdirected the jury as to the law of the case.   This makes the matter appealable, and the sole question is : Did the Judge err in stating to the jury the law applicable in the case?   If he did, the case must be affirmed, and appeal dismissed.

His Honor committed error when he instructed the jury that payment and entry on the books were the same; he confused the jury when he instructed them that entry on the book of the bank of the item received from the collecting bank constituted payment of the item.   This was error, and practically amounted to a peremptory instruction to find for the plaintiff.   It is the custom of the banks to make such entry that does not constitute payment. Such entry stands when the item is actually paid.   When not paid or collected, the bank has the right to charge it off. When a check or draft is drawn and handed to the bank, the bank credits its customer with that amount.   If the draft, check, or item is not collected or paid, the bank has the right to deduct it from the customer's account.   The entry by the bank is simply one of convenience to keep the customer's account straight.   The instruction of the Court in this particular was erroneous.   He repeatedly and erroneously

charged the jury in this particular that entry on the book of
the item received from the collecting bank constituted pay-
ment of the item.   His Honor confused the terms of pay-
ment and entry on the books being the same.   When the
check was entered on the books of the bank, and forwarded
for collection, it was not a payment until actually paid.   His
Honor erroneously instructed the jury and was right in
setting aside the verdict rendered and granting a new trial.
   Judgment affirmed.