## 11318

### BEWLEY-DARST COAL CO. v. LAURENS GIN & FUEL CO. *ET AL.*

#### (119 S. E., 589)

1. TRIAL—RIGHT TO RECOVER ANY PORTION OF CAUSE OF ACTION DEFEATS MOTION FOR NONSUIT.—The right to recover any portion of the cause of action set forth in the complaint defeats a motion for nonsuit.

2. BILLS AND NOTES—NOTICE TO INDORSERS OF NONPAYMENT OF FIRST OF SERIES OF NOTES, EACH CONTAINING ACCELERATION CLAUSE, HELD NOTICE THAT WHOLE DEBT HAD MATURED, AND HAD NOT BEEN PAID.—Where each of a series of notes payable in successive months stated the aggregate amount due payee, and provided that default in payment of any one would mature the entire series, notice to indorsers of nonpayment of the first note was sufficient notice that the whole debt had matured, and had not been paid.

3. BILLS AND NOTES—WHEN DEMAND OR NOTICE NOT NECESSARY FOR PROTECTION OF PARTIES SECONDARILY LIABLE IT IS DISPENSED WITH.—All the rules of diligence applicable to negotiable instruments are designed for the security of the parties secondarily liable, and, when demand or notice is not necessary for their protection, it is dispensed with.

4. BILLS AND NOTES—NOTES EXECUTED AT SAME TIME, FOR SAME PURPOSE, AND IN SAME TRANSACTION, CONSTRUED TOGETHER.—Where several notes or other instruments are executed at the same time, for the same purpose, and in the course of the same transaction, they are to be considered and construed as one instrument.

5. BILLS AND NOTES—RELEASE OF MAKER ON ONE NOTE HELD NOT TO RELEASE INDORSERS ON OTHER NOTES OF SAME SERIES.—Indorsers of a series of eight notes *held* not released by a release of maker on the first note. ·

6. PAYMENT—THAT CHECK GIVEN IN PAYMENT OF DEBT, IS ACCEPTED ON CONDITION THAT IT SHALL BE PAID PRESUMED.—The giving of a check by debtor for the amount of his indebtedness is not, in the absence of an express or implied agreement to that effect, a payment or discharge of the debt, the presumption being that the check is accepted on condition that it shall be paid, and the debt is not discharged until the check is paid or accepted at the bank at which it is made payable.

Before RICE, J., Laurens, November, 1922. Affirmed.

Action by Bewley-Darst Coal Co. against the Laurens Gin & Fuel Company, L. D. Meng and E. S. Hudgens. Judgment on a directed verdict for plaintiff and defendant appeals.

*Mr. F. P. McGowan,* for appellant, E. S. Hudgens, and *O. L. Long* for Mr. L. D. Meng, cite: *Presentment and notice of dishonor of note is necessary:* Neg. Inst. Act, Sec. 70, 103, 89; Daniel, Neg. Inst., Sec. 599; Chitty on Bills, 443; Story, Prom. Notes, Secs. 299, 349; 109 S. C., 219; 106 S. C., 472. *Appellants endorsers:* 45 S. C., 373; 32 Cyc., 172; 51 S. C., 121.

*Messrs. W. R. Richey* and *A. C. Todd,* for respondent, cite: *Presentment for payment not necessary:* Neg. Inst. Act, Secs. 70, 90. *Series notes negotiable:* 8 C. J., 140; 136 U. S., 268; 57 S. E., 704; 143 Pac., 159; 80, 217. *Endorsement of one carries all:* Story, Bills, 67; 6 Wis., 413; Neg. Inst. Act, Secs. 178–183. *Surety not prejudiced:* 1 McMull, 141.

November 2, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action upon eight promissory notes executed by the corporation defendant, and indorsed by the individual defend-

ants, L. D. Meng, W. E. Meng, and E. S. Hudgens, on November 21, 1921. The several amounts and maturities of the notes are as follows: (1) $500.00 payable December 21, 1921; (2) $500.00 payable January 21, 1922; (3) $500.00 payable February 21, 1922; (4) $500.00 payable March 21, 1922; (5) $500.00 payable April 21, 1922; (6) $500.00 payable May 21, 1922; (7) $500.00 payable June 21, 1922; (8) $198.00 payable July 21, 1922—$3,698.00.

Each note contains the following provision:

"This is one of a series of eight notes, aggregating $3,-698.98, and it is agreed that default in payment of any one of said notes when due shall mature the entire series."

The notes were negotiable and payable at the People's Loan & Savings Bank of Laurens, S. C.

The complaint is in the usual form, setting forth all of the notes, and demanding the amount due, taking advantage of the provision of acceleration by reason of the nonpayment of the note due December 1, 1921. The action was commenced on March 1, 1922, before the fourth, fifth, sixth, seventh, and eighth notes, but for the provision for acceleration, became due.

The record shows that only E. S. Hudgens and Mrs. L. D. Meng answered the complaint. Hudgens denied in the most general manner his liability upon the notes, after admitting that he indorsed them before delivery. Mrs. Meng in like manner admitted her indorsement, but claimed immunity, by reason of the alleged fact that she had received no notice of protest for nonpayment or of dishonor.

The testimony tended to establish the following facts: Just before the maturity of the first note, December 21, 1921, the plaintiff transmitted it to the People's Loan & Savings Bank of Laurens for collection; the cashier presented the note for payment on the day of its maturity, and the same not having been paid, he had the note protested for nonpayment, and notice mailed to each of the indorsers.

On December 22, 1921, the corporation mailed to the plaintiffs its check on the People's Loan & Savings Bank for $500.00 in payment of the note which fell due on December 21, 1921, and had been protested. The plaintiff accepted the check, marked the note paid, and returned it with the protest papers to the corporation. They then forwarded the check for collection, and it was returned to them unpaid and protested.

At the close of the plaintiff's testimony the defendants, Hudgens and Mrs. Meng, made a motion for a nonsuit as to all eight notes upon the grounds:

(1) That under the provisions of the several notes, the nonpayment of any note caused all of the notes unpaid to immediately mature; that, therefore, upon nonpayment of the first note, maturing December 21, 1921, the other seven notes instantly became due, and that no notice of their nonpayment was given to the indorsers.

(2) That as to the $500.00 note which matured on December 21, 1921, the indorsers were released from liability by reason of the fact that on December 22, 1921, the corporation mailed to the plaintiffs its check for $500.00 in payment of the said note; that the check was accepted in payment, and the note marked paid and surrendered to the corporation.

The motion for a nonsuit was refused.

The only witness examined on behalf of the defendants was the defendant, Hudgens, whose testimony was inconsequential.

At the close of the testimony the plaintiffs moved for the direction of a verdict in their favor, which motion was granted, and the jury returned a verdict for $4,280.83 in favor of the plaintiffs.

From the judgment entered upon this verdict, the defendants, Hudgens and Mrs. Meng, appeal, and by their exceptions raise the questions hereinafter considered.

It will be observed that the complaint contained but a single cause of action, an alleged indebtedness of $3,698.89, evidenced by the eight notes described above, each of which was indorsed by the individual defendants. No motion was made by the defendants to require a separate statement of the several causes of action which might have been alleged. Assuming that the defendants' objections to a recovery upon the seven notes, other than the first, are valid, no objection is made, on this ground, to a recovery upon the first, and the right to recover any portion of the cause of action set forth in the complaint necessarily defeats the motion for a nonsuit.

The first point raised by the appellants is that, by the provisions of the several notes, when the corporation made default in the payment of the note due December 21, 1921, all of the other seven notes became *ipso facto* instantly due, and that, in order to bind the indorsers upon those seven notes, the law required that they be presented for payment, and, if not paid, notice of nonpayment be given to the indorsers.

The theory of the defendant's counsel is that the acceleration provisions in the several notes are automatic, regardless of the exercise of any volition or option on the part of the payees. There is a distinct line of cleavage in the authorities upon this question, as will be seen in the case of *Lovell v. Goss,* 45 Colo., 304; 101 Pac., 72; 22 L. R. A. (N. S.), 1110; 132 Am. St. Rep., 184. We are inclined to think that the authorities, supporting the contention that even in the absence of a specific option the provision is not automatic, and does not take effect until the payee has exercised the implied option, present the sounder reasoning; and that he has a reasonable time for that exercise. If this be true, the suit was a sufficient exercise of the option; it constituted a demand for payment and notice of nonpayment to the indorsers who were sued. But the question is

not raised in this appeal and is not to be understood as being decided.

Assuming, then, for the purposes of this case, that the defendants are right in their contention that all seven of the remaining notes fell due automatically upon the dishonor of the first note which matured December 21, 1921, the question is whether or not notice of the dishonor of the first note was in legal effect, though not actually, notice of dishonor of the remaining notes.

The reason of the statute requiring prompt notice of dishonor to be given to the indorser, is to enable him to act promptly in the protection of his interests. "All the rules of diligence applicable to negotiable instruments are designed for the security of the parties secondarily liable, and when demand or notice is not necessary for their protection, it is dispensed with." 3 R. C. L., 1180.

A verbatim quotation from the case of *Chadwick v. Jeffers,* 1 Rich., 397; 44 Am. Dec., 260. That case further holds:

"These cases proceed on the ground that notice is not material to the indemnity of the indorser or drawer, because, either he has already done that which notice would have warned him to do, or that notice is unnecessary to his protection."

Each note referred to the debt of $3,698.39, and contained the acceleration provision. When the indorsers received notice of the nonpayment of the first note, they were necessarily notified that the other notes matured, and had not been paid, and were in as perfect a position to protect their rights as if seven separate notices had been mailed to them. The law does not contemplate or require the doing of a vain thing.

In a note to 1 Daniel, Neg. Inst. (5th Ed.), § 974, it is said:

"When sundry notes are given, payable in three, six, nine, and twelve months after date," followed by an accel-

eration provision in the event of nonpayment, "held that due notice of the dishonor of the first note to the indorsers thereon is sufficient to hold and charge the indorsers upon all the notes"—citing *Creteau v. Glass Co.,* 40 App. Div., 215; 57 N. Y. Supp., 1103.

It is also well settled that when several notes or other instruments are executed at the same time for the same purpose and in the course of the same transaction, they are to be considered as one instrument, and are to be read and construed together as such.   3 R. C. L., 870. So that the notice of nonpayment of the first note, calling as it did for the acceleration of the maturities of the other seven notes, was sufficient notice to the indorsers that the whole debt had matured, and had not been paid.   It is unreasonable to suppose that upon this notice the indorsers could have had any doubt as to the nonpayment of the other seven notes.

The other ground of the defendants' motion for a nonsuit as to all eight of the notes, was that the plaintiffs had accepted the check of the corporation in payment of the note maturing December 21, 1921, and that thereby the indorsers had been released from that note.

Assuming for the argument's sake that this released the indorsers from the first note, it is certainly no ground of nonsuit to the entire cause of action which included the other seven notes.

As to the acceptance of a worthless check and the surrender of the note the principle is correctly laid down in 21 R. C. L., 60:

"With the exception of a few jurisdictions the authorities are unanimous in supporting the rule that the giving of a bank check by a debtor for the amount of his indebtedness is not, in the absence of an express or implied agreement to that effect, a payment or discharge of the debt, the presumption being that the check is accepted on condition that it shall be paid; and the debt is not discharged until the check

is paid, or the check is accepted at the bank at which it is made payable."

In the defendants' third exception, which does not conform to Rule 5, Section 6, of this Court (90 S. E., VII), it is contended that the verdict should not have been directed, for the reason that the plaintiff had released the indorsers upon all the notes by accepting the check in payment of the first note, marking it paid, and surrendering it to the maker.

This question was not raised in the Court below. No authority is cited to sustain their position, and we know of none; nor can we conceive of any reason therefor.

If it had the legal effect of discharging the indorsers upon the note which was surrendered, we see no ground for holding that they were discharged from all of the other notes which were not at all affected by or connected with the transaction complained of.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.