12982

CAROLINA-PORTLAND CEMENT CO. v. CALHOUN

(155 S. E., 151)

*Mr. N. J. Frederick,* for appellant, 

*Messrs. Frierson & McCants,* for respondent, ██

October 1, 1930.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is an action for $933.73 upon an account for goods sold and delivered by the plaintiff to the defendant.

The case was tried before his Honor, Judge Whaley, of the Richland County Court, and resulted in a directed verdict in favor of the plaintiff, from the judgment entered upon which, the defendant has appealed.

The transcript in this case is badly prepared:

(1) The complaint as printed alleges a delivery of goods between September 9, 1927, and September 30, 1928; the itemized account shows between September 9, 1927, and November 9, 1927.

(2) The complaint shows amount to be $933.73; the itemized account shows a balance of $951.88. which corresponds with the draft.

(3) The itemized account, Exhibit 3, shows the amount of the bill of September 9, 1927, to be:

15 tons Lime at $21.60 .......................$324.00
Less freight 80,000 pounds at 43 cents .......... 344.00
 _____
 $361.90

—when it manifestly should be:

15 tons Lime at $21.60 .......................$324.00
Less freight 30,000 pounds at 43 cents ........ 129.00

$195.00

(4) The itemized account, Exhibit 3, shows the amount of the bill of September 4, to be $361.00, when it should be $361.90.

(5) The amount of the verdict directed is not stated, whether the amount claimed in the complaint, $933.73, or the balance as per Exhibit, 3, $951.88.

The several bills constituting the account appear to be:

September 9, 1927 ..........................$195.00
September 14, 1927 .......................... 361.90
September 30, 1927 .......................... 264.60
October 27, 1927 ........................... 96.00
November 9, 1927 .......................... 75.00

$992.50
Less credits ........................... 40.62

Balance ...............................$951.88

The defenses of the defendant were:

1. That the goods were sold under a contract which provided: "All the above material that has been placed in Orangeburg by the first of each month to be paid for as Calhoun receives his check from Joseph W. Stout Company." That the defendant's liability was limited accordingly.

The paper offered in evidence to establish this alleged contract was dated April 18, 1927. It related to a particular shipment that had been settled for, and no connection was shown with the later shipments beginning September 9th. Even if it had, the memorandum simply showed an effort on the part of the plaintiff to insure a payment as the defendant collected from his debtor, the main contractor, and

in no sense imposed a condition that limited the plaintiff or entitled the defendant to slip under his obligation if the contractor failed to pay him.

2. That the plaintiff in drawing a draft upon the contractor at the instigation of the defendant, accepted such draft which was refused as payment of the account. This contention manifestly cannot be sustained.

"An order upon a third party for the payment of money which has not been paid or accepted is not a payment of a precedent debt." *Printems v. Helfrie,* 1 Nott & McC., 187; *Commercial Bank v. Bobo,* 9 Rich., 31; *Bewley-Darst Coal Co. v. Laurens Co.,* 126 S. C., 219, 119 S. E., 589; *Fiske v. Judge,* 2 Speers, 436, 42 Am. Dec., 382; *Fife v. Irving,* 1 Rich., 226; *Bailey v. Wright,* 3 McCord, 484; *Price v. Limehouse,* 4 McCord, 544.

The judgment of this Court is that the judgment appealed from be affirmed.

Messrs. Justices Blease, Stabler and Carter and Mr. Acting Associate Justice Mendel L. Smith concur.