13602

HOLLADAY v. SOUTH CAROLINA POWER CO.

(168 S. E., 691)

February, 1931.

*Messrs. W. D. Conner* and *Geo. Warren,* for appellant,

*Mr. Randolph Murdaugh,* for respondent,

March 14, 1933.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The house of appellant at Brunson, S. C., was lighted by electricity furnished by the respondent. The bill for a period beginning in October and ending in November, 1930, was presented to appellant, who, on November 24, 1930, gave, in payment thereof, a check on Colleton Banking Company at Walterboro, S. C. The check was deposited to the credit of South Carolina Power Company in the Loan & Exchange Bank at Fairfax, S. C., and by that bank sent to the National Loan & Exchange Bank of Columbia, which in turn sent it to the Colleton Banking Company, the payee bank. The payee bank on November 28, 1930, sent to the National Loan & Exchange Bank, Columbia, its check on the South-Carolina National Bank of Charleston, S. C., for $2,300.00, which included the item of the check of appellant to respondent. Before the check of the Colleton Banking Company could be presented to South Carolina National Bank, on which it was drawn, the Colleton Banking Company closed its doors and payment of its check was refused. The Loan & Exchange Bank of Fairfax charged back to the respondent the amount of appellant's check to it, with which its account had been credited. Appellant was notified of this, and was requested to pay the account for which the check had been given. This he refused to do unless respondent returned his check to it; his position being that his check had paid respondent's bill. This attitude he continued to maintain. February 17, 1931, the South Carolina Power Company cut off the electric current, and thus shut off the lights at appellant's house. February 27, 1931, appellant brought

action against respondent on a complaint setting forth two causes of action; one for depriving him of the use of the lights, and for the mortification and shame he suffered by being held up to the ridicule of the public by reason of having his lights cut off, and the other for punitive damages. March 11, 1931, after the beginning of the action, the receiver of the Colleton Banking Company paid plaintiff's check; when this payment reached the Loan & Exchange Bank at Fairfax, it credited the account of the respondent therewith. Appellant was notified of this, and at his request his service was reinstated.

The case was heard by Judge Stoll, with a jury. At the conclusion of the testimony for the plaintiff, the defendant moved for nonsuit on the ground of the utter failure of the evidence to sustain either cause of action. The motion was granted. The record shows that Judge Stoll said, in passing on the motion for nonsuit: "The Power Company deposited this check, did not receive the money, made demand on the plaintiff for the money. He said I will pay if you produce the check. The check was out of custody of the South Carolina Power Company. The bank had broken, they could not produce the check and he was making an impossible condition that South Carolina Power Company could not comply with."

A critical examination of the evidence discloses an utter lack of evidence to show that appellant suffered any loss which entitled him to recover actual damages, or that would sustain a verdict for punitive damages.

This Court has repeatedly, and recently, held that a check does not constitute payment, unless it produces payment in cash. *Southern Stove Works v. Converse Savings Bank,* 112 S. C., 230, 100 S. E., 75; *Bewley-Darst Coal Co. v. Laurens Gin & Fuel Co.,* 126 S. C., 219, 119 S. E., 589; *Baker v. State Highway Dept.,* 166 S. C., 481, 165 S. E., 197.

There was no error in granting the motion for nonsuit. The judgment is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.